## GALBREATH ET AL. V. ESTES, AD., ETC.

1. PRACTICE: PARTIES: *Purchaser pendente lite not necessary.*
   Purchasers *pendente lite* are not necessary parties to the suit. Litigants need not notice a title acquired during the litigation; otherwise litigation would be interminable.

APPEAL from *Pulaski* Chancery Court.
Hon. D. W. CARROLL, Chancellor.

*Wright, Falkes & Wright*, of Memphis, for appellant.

Appellant was not a purchaser, *pendente lite.* On the death of Gonder, the suit should have been revived against Galbreath; and without this the court had no jurisdiction, and the sale would be void. He was a necessary party to the suit. *Story Eq. Pl.*, secs. 326 *to* 332, 340, 340a, 1-2, (*and note*), 3-7-8-9 (*and note*), 350, *and notes 1 and 2*, 351-1a-4–4a-6-7-8-9, 380-4-5-7, 427, *and, especially*, 379-387; 2 *Hare*, 81-96; 5 *John. Ch.*, 342 : 13 *Vesey*, 160-3; *Ib.*, 435. The sale and decree are void. *Story Eq. Pl.*, secs. 427, 379.

*L. A. Pindall*, also for appellant.

1. Appellant was a necessary party. At the time of the filing of the cross-bill by Hartsook, Galbreath was in possession of the lands, claimed in fee, under a chain of title duly recorded. *Fletcher* v. *Hutchison*, 23 *Ark.*, 30.

2. Even if not a necessary party, as a junior encumbrancer, or as the owner in possession, he was a proper party, and has had no day in court.

*U. M. & G. B. Rose*, for appellee.

Appellant was not a party, and cannot appeal. *Gantt's*

*Dig.*, *sec.* 1057; *Tobey* v. *Whitaker*, 26 *Ark.*, 95. He was not an indispensable party to the suit. He claimed under a subsequent mortgage. His admission would have been a commencement of a new suit. *Interest Reipublicae ut sit finis litium.* He was not a party to the decree; it is *res inter alios acta.* He was a purchaser *pendente lite*, and bound by the decree. *Holman* v. *Patterson*, 29 *Ark.*, 358; *Montgomery* v. *Birge*, 31 *Ib.*, 491; *Whiting* v. *Beebe*, 12 *Ib.*, 425; *Ashley* v. *Cunningham*, 16 *Ark.*, 175; *Merrick* v. *Hutt*, 15 *Ark.*, 344; *Pindall* v. *Trevor*, etc., 30 *Ib.*, 250.

SMITH, S. J. This is a fragment of the case of *Estes* v. *Martin*, reported in 34 *Ark.*, *at page* 410. The mandate had been sent down; a final decree of foreclosure of the mortgage upon the Desha lands had been entered; the term had passed, and the commissioner had advertised the lands for sale, when Galbreath attempted to intervene. The litigation had been pending ever since the year 1867. The cross-bill, which sought to subject these lands to sale for satisfaction of a mortgage prior to the purchase of Gonder, the plaintiff in the original bill, had been filed as long ago as June 17th, 1868. Galbreath claimed title by virtue of a purchase in October, 1874, under a power of sale contained in a deed of trust, made by Gonder, after the commencement of the suit. He avers that he has been in possession ever since March, 1875, and insists that he was an indispensable party to the determination of the controversy. The Chancellor dismissed him out, refusing to open the decree to let him in to defend, and he has prosecuted an appeal.

Galbreath was not a necessary party to the suit. Litigants are exempted from taking any notice of a title acquired during the pendency of a suit. Otherwise, litigation might be interminable. *Sto. Eq. Jur.*, sec. 406.

We suppose that a person who shows an interest in the subject matter of a suit, who applies in apt time to be made a party defendant, and whose prayer is denied, may appeal. As to him, such an order, it seems, is final.

But we are of opinion that Galbreath's application came too late. If he had come in before the decree had been rendered, doubtless the Chancellor would have admitted him to defend; but his admission at that stage of the cause would have been virtually the commencement of new suit, under pretext of continuing the old one.

Whether Galbreath, as the holder, under a subsequent mortgage, who has had no day in court, may litigate his rights, if he has any, in some future action; or whether, being a purchaser *pendente lite*, he is concluded by the decree, we express no opinion. All that we decide is, that the Chancellor committed no error in refusing to vacate his decree at that late day.

Affirmed.